UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TYSON LEE TAYLOR,              )
                               )   2:  12-cv-00370-JO
        Petitioner,            )
                               )
    v.                         )
                               )   OPINION AND ORDER
RICK COURSEY, Superintendent,  )
Eastern Oregon Correctional    )
Institution,                   )
                               )
        Respondent.            )

Steven T. Wax
Federal Public Defender
Michelle Sweet
Research and Writing Attorney
101 SW Main Street, 1700
Portland, Oregon  97204

    Attorneys for Petitioner

Ellen F. Rosenblum
Attorney General
Samuel A. Kubernick
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

    Attorneys for Respondent

1 - OPINION AND ORDER

JONES, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his convictions and sentence for robbery, assault, burglary and unlawful use of a weapon. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus [26] is denied, and Judgment is entered dismissing this action with prejudice.

## BACKGROUND

On July 16, 2004, the Washington County Grand Jury returned an indictment charging petitioner with three counts of Robbery in the First Degree, three counts of Robbery in the Second Degree, one count of Assault in the Second Degree, one count of Burglary in the First Degree and two counts of Unlawful Use of a Weapon. Respondent's Exhibit 102. A jury found petitioner guilty on two counts of Robbery in the First Degree, three counts of Robbery in the Second Degree and one count each of Assault in the Second Degree, Burglary in the First Degree and Unlawful Use of a Weapon.[1] The court imposed sentences totaling 198 months. Respondent's Exhibit 101.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court without written opinion, and the Oregon Supreme Court denied review. *State v. Taylor*, 216

---

[1] On the State's motion, one count of Unlawful Use of a Weapon was dismissed before trial and the jury acquitted petitioner on one count of Robbery in the First Degree.

2 - OPINION AND ORDER

Or. App. 193 (2007) *rev. denied*, 344 Or. 43 (2008); Respondent's Exhibits 106-110.

Petitioner filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. *Taylor v. Belleque*, Malheur County Circuit Court Case No. 09107669P; Respondent's Exhibit 144. On appeal, the Oregon Court of Appeals affirmed the PCR court without written opinion, and the Oregon Supreme Court denied review. *Taylor v. Nooth*, 247 Or. App. 353 (2011), *rev. denied*, 351 Or. 586 (2012); Respondent's Exhibits 145-149.

On February 29, 2012, petitioner filed this action. In his Amended Petition for Writ of Habeas Corpus, he raises the following grounds for relief:

> Ground One: Trial court erred in allowing waiver of 60 day fast/speedy rights without written or verbal consent.
>
> Supporting Facts: Trial counsel Jean Martwick waived petitioner's rights to have his trial within 60 days of his arrest without petitioner's written or verbal consent. Petitioner declined to waive his rights, demanding a trial within 60 days.
>
> Ground Two: Ineffective Assistance of Counsel
>
> Supporting Facts: Trial counsel Jean Martwick made an egregious defense error when she motioned the court to waive petitioner's rights to a fast and speedy trial within 60 days of arrest without petitioner's consent and against his emphatic refusal to waive his rights.
>
> Ground Three: Illegal Sentence
>
> Supporting Facts: The court erred in sentencing petitioner to an 18 month consecutive sentence on Count 9 Burglary 1 using criminal history 6-C when it was supposed to be 6-I that would have resulted in a presumptive sentence of probation.

3 - OPINION AND ORDER

Ground Four: Attorney Paul Ferder failed to object to court using wrong grid 6-C in Count 9.

Supporting Facts: During sentencing the court used Grid 6-C to sentence petitioner to an 18 month consecutive sentence on Count 9 Burg 1 when it was supposed to be 6-I which would have resulted in a presumptive sentence of probation.

Ground Five: Petitioner's Sixth Amendment right to effective assistance of trial and appellate counsel were violated when they failed to assert petitioner's speedy trial rights under the speedy trial statute and the Due Process and Equal Protection Clauses, under the Oregon Constitution and under the Sixth Amendment and seek a dismissal or other relief based upon a violation of those rights.

Supporting Facts: The length of delay was 13 months. The delay was not properly justified and the state obtained a tactical advantage. Petitioner asserted his right to a speedy trial. Petitioner was prejudiced by the delay due to pre-trial incarceration, and an inability to locate witnesses.

Ground Six: Petitioner's Sixth Amendment right to effective assistance of trial counsel was violated when trial counsel failed to call an expert on eyewitness identification.

Supporting Facts: The trial of the charges involved numerous witnesses providing eyewitness testimony and an overly suggestive photo identification. An expert would have educated the jury of the many factors affecting eyewitness identifications that are contrary to common assumptions, and otherwise help jurors spot mistaken identifications.

Respondent asks the Court to deny relief on the Petition because: (1) Grounds One and Four are procedurally defaulted and the default is not excused; (2) Ground Three presents a claim of state-law error only, which is not cognizable in these federal habeas corpus proceedings; (3) petitioner fails to brief Grounds Five and Six and therefore has not met his burden of proof on these claims; and (4) Ground Two was denied in a state court decision entitled to deference.

4 - OPINION AND ORDER

**DISCUSSION**

I. **Unargued Claims**

With the exception of Ground Two, petitioner fails to brief the merits of his claims in his counseled supporting memorandum. The State contends that petitioner never argued on direct appeal that the trial court violated his right to a speedy trial (Ground One claim), but instead raised a sole claim that the trial court sentenced him incorrectly under Oregon law on Count 9. With regard to Ground Four, the State acknowledges that petitioner raised a comparable claim in his PCR Petition, but insists he failed to present it to either the Oregon Court of Appeals or the Oregon Supreme Court for review and it is therefore procedurally defaulted.

In addition, the State contends petitioner's allegation that the trial court incorrectly categorized his criminal history score under Oregon law on Count 9 (Ground Three claim) does not present a federal question that is cognizable in this federal habeas corpus proceeding. This argument is well taken.

On federal habeas review, petitioner must show that the state court determination denying his claims was contrary to or an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d). The Court's review of the record reveals that petitioner raised one claim on direct appeal alleging the trial court erred in sentencing him under Oregon's sentencing guidelines.

5 - OPINION AND ORDER

In addition, on appeal from the PCR court's denial of relief, petitioner raised one claim alleging the PCR court erred in finding that petitioner was not denied effective assistance of counsel due to trial counsel essentially waiving petitioner's speedy trial rights in spite of petitioner's insistence that he be tried within 60 days (this is the claim set out in Ground Two above). Accordingly, it is apparent that petitioner failed to fairly present Grounds One, Four, Five and Six to the Oregon courts in a procedural context in which their merits would be considered and that his Ground Three claim does not involve a question of federal law. Moreover, petitioner's post-conviction appellate counsel's alleged ineffectiveness in failing to raise certain claims does not provide a legal basis for excusing the procedural default of the underlying ineffective assistance of trial counsel claim. *See Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012) ("The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts."). Accordingly, by not advancing Ground One and Grounds Three through Six in his supporting memorandum, petitioner has failed to meet the burden of proof for habeas relief under § 2254(d) and relief on these claims must be denied.

///

## II. Merits

### A. Standards.

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case."

7 - OPINION AND ORDER

*Id.* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id.* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id.* at 409. A federal habeas court reviews the state court's "last reasoned decision." *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696.

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his

8 - OPINION AND ORDER

case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)(per curium). Moreover, where a state court has adjudicated an ineffective assistance of counsel claim on the merits, a habeas court's review of a claim under the *Strickland* standard is "doubly" deferential. *Harrington v. Richter*, 131 S.Ct. 770, 778 (2011); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

    B.  **Analysis**.

**Ground Two: Ineffective Assistance of Trial Counsel for Motioning the Court to Waive Petitioner's Rights to a Fast and Speedy Trial Within 60 Days of His Arrest Without His Consent and Against His Emphatic Refusal to Waive His Rights**

In denying this claim on the merits, the PCR court held as follows:

> I've decided that [trial counsel's] affidavits, which are exhibits 29 and 30 contain good cause for the setover over petitioner's objections and the court, of course, made a finding of good cause.
>
> Um, because the trial attorney has an obligation to provide a [constitutionally] adequate defense and those affidavits from Ms. Martwick tell why she did not feel she was able to do that at the time the trials were originally set.

Respondent's Exhibit 143, Transcript of PCR Proceedings, p. 31. Notably, the following exchange was had between petitioner's trial counsel and the court on September 9, 2004 on counsel's first motion to reset the trial date:

MS. MARTWICK: Judge, if I might preface my motion to make sure we're complete in the record here. My client is

9 - OPINION AND ORDER

|   |   |
|---|---|
|   | not willing to waive his right to a speedy trial. I am asking the Court to find good cause and I'm asking the Court to find good cause under ORS 136.295 to grant a reset of this case. |

* * *

|   |   |
|---|---|
| THE COURT: | Okay. And you join -- you would like to have a reset on this; is that what I understand? |
| MS. MARTWICK: | I have several reasons for that. |
| THE COURT: | Okay. Could you tell me what those would be then. |
| MS. MARTWICK: | Well, number one is I haven't had enough time to prepare this case. It's a Measure 11 case. I've advised my client that this was going to be -- the trial date was set so close in time that I would not have time to prepare his defense. |
| THE COURT: | This is Mr. Taylor. Okay. |
| MS. MARTWICK: | Number two, Judge, is that I -- is the U.S. Marshal's hold and that situation. I have been in touch with his federal defender and we are working on a global resolution both that is slowly coming, and all parties are working towards that -- I believe working not necessarily towards but working together in an open environment at this point and I'm hoping not to close that door by a conviction. And, number three, I've recently become aware of some mental health issues that I need to explore. I anticipate filing a motion to rely on a defense of guilty except for insane here very soon. And I'm going to need time to lay the foundation for that. |
| THE COURT: | All right. And Mr. Taylor has not filed a request for reset prior to this then? |
| MS. MARTWICK: | No. |
| THE COURT: | This would be the first one. Okay. Well, Mr. Taylor, what do you want to say, if anything, in regard to this? |
| TAYLOR: | It's my understanding that ORS 136.295 is for Murder and Aggravated Murder. I'm not that |

10 - OPINION AND ORDER

>                    familiar with the ORS but -- that might be the
>                    wrong ORS, first of all. Second of all, I'm ready
>                    to go to trial today, Tuesday, whenever. I don't
>                    know who's making me out to be what, I'm not
>                    scared. It's like me saying you just throw three
>                    people out of county jail, you didn't so you're
>                    ready to go to trial now, I'm ready to go now.
>
> THE COURT:         And you're the second lawyer on this thing?
>
> MS. MARTWICK:      I believe I'm the first lawyer. I'm just not sure
>                    why I received the case. I guess maybe the case
>                    was indicted against my client at a later date or--
>
> TAYLOR:            If I may interrupt. I was in custody in Yamhill
>                    County which is the charges that the federals
>                    picked up, and Yamhill released me to you guys.
>
> THE COURT:         Okay....Ms. Martwick, I'm going to grant all of
>                    your requests then for the reset. I'm going to
>                    find that there has been good cause shown by the
>                    defense and that she's not ready to go forward at
>                    this point and is specifically requesting this, and
>                    so the trial date then is going to be set for --
>                    that would be October 15th and trial on October
>                    19th.

Respondent's Exhibit 103, pp. 2 & 5-7; see also, Respondent's Exhibit 132 (Martiwick's affidavit in support of her initial motion to reset trial date based on: (1) her need for my time to investigate the case and prepare for trial; (2) her need for more time to attempt to negotiate a global settlement in petitioner's federal and state cases; and (3) her discovery "that Mr. Taylor may have mental health issues that could have impacted his thought processes and abilities on the date of the alleged incident.")

The Sixth Amendment to the United States Constitution guarantees a criminal accused the right to a speedy trial. *Doggett v. United States*, 505 U.S. 647, 651 (1991)(explaining that a court

11 - OPINION AND ORDER

should assess four factors in determining whether the Sixth Amendment right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted the right; and (4) whether the defendant suffered prejudice as a result of the delay); *Barker v. Wingo*, 407 U.S. 514, 530 (1972). In Oregon, ORS 136.290(1) generally requires the state to bring an in-custody defendant to trial within 60 days after the defendant's arrest unless the defendant expressly consents to a continuation of the trial or a statutory exception applies. If trial does not commence within the 60-day period, the court must release the defendant pending trial. ORS 136.290(2).

As noted above, the record reflects that on September 9, 2004, petitioner's trial attorney requested a brief (approximately 35-day) continuance on the basis: (1) she needed additional time to prepare for trial; (2) she was engaged in settlement negotiations concerning petitioner's federal and state cases; and (3) she became aware petitioner had mental health issues that she needed to explore. Petitioner objected to this continuance, but the trial court found good cause under Oregon law (ORS 136.295) and granted counsel's motion. Thereafter, on October 15, 2004, petitioner agreed to an additional continuance and eventually proceeded to trial in June 2005.

The Court addresses the four *Barker* factors in turn. First, the 35-day additional delay was relatively brief and does not weigh

12 - OPINION AND ORDER

heavily in favor of finding a violation of speedy trial rights. *See Doggett*, 505 at 652 n. 1 (Supreme Court suggested that a delay of one year is presumptively prejudicial).

Second, as set forth above, petitioner's counsel gave detailed and persuasive reasons for needing a brief trial continuance. Because the trial court found good cause pursuant to ORS 136.295 and granted the continuance to ensure counsel could adequately defend petitioner, this factor weighs strongly in favor of concluding petitioner's speedy trial rights were not violated.

Third, petitioner's objection was somewhat inconsistent. While he definitively objected to the first continuance, a month later he agreed to an additional continuance. This factor neither supports nor weakens petitioner's argument. Fourth, petitioner's claim of prejudice is not persuasive. At core, he suggests that had his case proceeded to trial on the original date when, as he says "the state was ill-prepared to got to trial against [him]" much of the identification evidence would have been unavailable and much less developed. He maintains that at the time of the first trial date, the state had no physical evidence linking him to the scene, the photo lay-down identifications were suspect and other identifications were weak. These arguments notwithstanding, petitioner's assertion that the state would not have been able to produce DNA evidence or further detailed witness testimony prior to trial is speculation and it fails to establish that he suffered

13 - OPINION AND ORDER

specific actual prejudice resulting from the initial 35-day continuance of his trial.

Based on the foregoing, petitioner cannot demonstrate that the PCR court's determination that counsel did not render constitutionally deficient assistance when she requested a brief setover of trial over petitioner's objection, was contrary to, or involved an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). This claim is denied.

## CONCLUSION

For these reasons, the Amended Petition for Writ of Habeas Corpus [26] is DENIED, and this case is DISMISSED, with prejudice. In addition, the Court finds that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Accordingly, this case is not appropriate for appellate review.

IT IS SO ORDERED.

DATED this 21st day of January, 2014.

Robert E. Jones
United States District Judge

14 - OPINION AND ORDER